IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, # 435845, 1990858 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. PWG-16-3553 |
| | * | |
| SHARON L. BAUCUM, MD., *et al.*, | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| NDOKEY ENOW, # 435845, 1990858 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. PWG-16-3554 |
| | * | |
| KATHLEEN S. GREEN, *et al.*, | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

On October 26, 2016, self-represented plaintiff Ndokey Enow filed two Complaints pursuant to 42 U.S.C. § 1983, each with a Motion for Leave to Proceed in Forma Pauperis. Enow, who is incarcerated at the Eastern Correctional Institution ("ECI") in Westover, Maryland, has accumulated "three strikes" under 28 U.S.C. § 1915(g), and is barred from filing cases unless he pays the filing fee or demonstrates that he is in imminent danger of serious physical injury. *See Enow v. Feinstein, et al.*, PWG-15-3348 (D. Md.) (assigning Enow a third "strike" under 28 U.S.C. § 1915(g)).[1] Enow, who is undoubtedly aware from his prior and pending cases that he no longer automatically qualifies to proceed in forma pauperis, does not allege that he qualifies for the exception under § 1915(g).

---

[1] Enow's first "strike" was assigned in *Enow v. State's Attorney for Montgomery County*, No. PWG-15-2589 (D. Md.). Enow's second "strike" was assigned in *Enow v. Judge Steven G. Salent*, No. PWG-15-3176 (D. Md).

Although he has been assigned three strikes under § 1915(g), Enow currently has two cases already pending in this Court. In *Enow v. Robert L. Green, et al.*, No. PWG-15-3177, filed before Enow accumulated three strikes and in which he was granted leave to proceed in forma pauperis, he claims correctional officers failed to protect him from an assault by a fellow inmate at the Montgomery County Correctional Facility. Enow's second case, *Enow v. Dovey*, No. PWG-16-615, filed on April 19, 2016, presented a litany of claims, including one that correctional officers at ECI endangered him by telling inmates that he is a "snitch," which caused him to be assaulted and stabbed by other inmates. The Court deemed Enow's allegations of suffering physical injury due to defendants' failure to protect him sufficient to suggest he was facing imminent danger of serious physical injury. Accordingly, the case proceeded without payment of the filing fee under the imminent danger exception under § 1915(g).

Enow's requests to proceed in his most recently filed cases, *Enow v. Baucum, et al.*, No. PWG-16-3553 and *Enow v. Green, et al.*, No. PWG-16-2554, are considered below.

### PWG-16-3553

Enow filed this fourteen-page, handwritten complaint, ECF No. 1, with forty-two pages of attachments, ECF No. 1-2, including a hand-written affidavit. ECF No. 1-1. Enow's unrelated claims are based on incidents that occurred at different times over a period of more than one year, from January of 2015 to June of 2016. He is seeking $300 million dollars in damages. *Id.* at 13.

Enow states that he was treated by an ophthalmologist on January 15, 2015 for an eye injury following an assault on January 13, 2015. Compl. ¶ 11. On March 5, 2015, and March 14, 2015, a physician's assistant at the Maryland Correctional Training Center (MCTC) in Hagerstown referred him for an optometry consultation for blurred vision. *Id.* Enow was

evaluated by the Optometry Department on March 18, 201, and referred for an additional examination by an ophthalmologist. *Id.* He claims that "prison officials ignored the Optometrist recommendation," and as a result he has not been evaluated again by an ophthalmologist for blurred vision as suggested by an optometrist. *Id.* Notably, Enow does not allege he is in imminent danger of immediate harm. *See id.*

Enow also claims he was assaulted by an inmate on November 19, 2015 and sustained a concussion, and "attacked and stabbed . . . in his finger" by another inmate "[a] few days later." *Id.* ¶ 13. On November 25, 2015, which appears to be the day he was stabbed, he was transported outside the prison for "x-ray examination and stitches." *Id.* Enow complains that he experiences migraine headaches and neck pain as a result of the concussion. *Id.* Enow faults Dr. Oteyza at ECI for failing to order a CT scan or MRI for him. *Id.* Enow complains that Dr. Oteyza did nothing more than prescribe 600 mg of motrin and 500 mg of robaxin for the "muscle relaxation."[2] *Id.* He complains that he is not receiving "adequate medical remedy" with regard to both injuries; Dr. Oteyza allegedly informed him that "human[s] sustain injuries, recover from acute pain, and move on." *Id.* ¶ 14. According to Enow, he has "cluster migraine headaches and general pain throughout his body," but "Dr. Oteyza refused to provide stronger pain medication for the plaintiff." *Id.* ¶ 15.

Enow alleges that, on February 6, 2016, he was assaulted by Correctional Officer II Ryan. He complains that "Ofc. Ryan and other correctional staff . . . ma[de] the plaintiff sleep overnight on an iron bed without a mattress, blanket, and bedsheets under extremely cold winter condition in a cell with windows open and without heated ventilations." *Id.* ¶ 16. Enow claims

---

[2] Enow's lengthy handwritten filings suggest he is no longer suffering finger pain.

that he "suffered severe chest pain and inflammation of the lungs on 02/08/2016, as a result." *Id.*

Enow alleges that, on April 18, 2016, Lt. Blake, Lt. Clayton, and Security Chief W. West assaulted him. Compl. ¶ 17. Enow claims that he sustained injuries to his throat, suffered chest pain, and coughed blood, but was denied access to medical treatment. *Id.*

Enow next asserts that on June 9, 2016, the Maryland Correctional Transportation Unit transported him to Jessup Correctional Institution ("JCI") en route to a June 13, 2016 court proceeding. *Id.* ¶ 18. He claims that he "received his psychotropic medication and pain killer at JCI" on June 9, 2016, but then his "medication was intentionally abandoned at JCI by the transportational [sic] guards from MCTC-Hagerstown [Maryland Correctional Training Center-Hagerstown]" and he did not receive it for the four days he spent at MCTC, despite his requests. *Id.* He claims that a "similar incident occurred" on June 20, 2016, when he was transported along the same route. *Id.* Enow claims he "experienced severe knee pain, appeared depressed, experienced significant change in behavior, began threatening self-harm, felt restless, agitated, tearful, disoriented, angry and hostile, oppositional, [and] scared, [and began] pacing and [making] incoherent speeches" as a result. *Id.*

### PWG-16-3554

This prolix Complaint consists of thirty-two page handwritten pages and eighty pages of attachments, and names nineteen defendants. ECF No. 1. Several claims repeat or overlap with claims raised in PWG-16-3553.

Enow claims that from February 6, 2016 through April 18, 2016, he was harassed and assaulted by ECI corrections officers at ECI. Compl. ¶ 14. Specifically, Enow complains that officers physically threatened him when he would not hand over his legal documents; read his

legal documents; and after reading them, placed him in disciplinary segregation pending a disciplinary hearing for violating institutional rules based on "fake incident reports" and conspired to house him in a cold cell with an iron, mattress-less bed for a night in winter, as described in PWG-16-3553. *Id.*

He alleges that on February 23, 2016, he was denied due process of law at a disciplinary hearing. *Id.* ¶ 17. Specifically, the hearing officer denied his request for the video recording of the housing unit where he was assaulted on February 6, and sentenced him "to 30 days in isolation and solitary confinement in segregation housing unit ... without any penological justification." *Id.* He also claims that he was denied due process of law when Security Chief West denied his appeal. *Id.*

Enow claims that on April 18, 2016, he was walking to his adjustment hearing when he assaulted by Security Chief Walter West, Lt. William Clayton, and Lt. Edward Blake, as described in PWG-16-3553. Compl. ¶ 18. On April 19, 2016, he experienced chest pain and coughed blood, but was denied a medical examination. *Id.*

He claims that he again was denied due process at a disciplinary hearing on May 2, 2016, when the hearing officer refused to consider the video recording of the April 18, 2016 assault and "admit[ed] into [the] record false witness testimony." *Id.* ¶ 19. He claims that he also was denied due process and equal protection when the reviewing officer denied his appeal. *Id.*

Enow alleges that Detective David Marquette filed criminal charges against him on May 18, 2016 for bring false claims of assault by prison officials. *Id.* ¶ 20. The charges were dismissed on July 29, 2016. *Id.*

Enow claims that "prison officials at ECI conspired with the prison officials at MCI-Hagerstown [Maryland Correctional Institution at Hagerstown] to have the plaintiff murdered or

hurt for retaliation against the plaintiff for filing a civil right[s] lawsuit against MCI-H prison officials" (No. PWG-16-615). *Id.* ¶ 18. Enow is seeking $500 million dollar in damages.

### "Three Strikes" Rule

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate," with "the potential consequence [a] 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The bar for establishing imminent danger is high, not insurmountable. *See id.*

> If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" . . . . Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

*Id.*

In his Complaints, Enow presents a multitude of claims encompassing numerous and unrelated incidents involving different defendants at different correctional facilities, premised on incidents that occurred at different time periods. Although Enow's claims, including those of excessive force and denial of access to medical care are serious, they do not demonstrate that he in danger of imminent danger of serious harm. Enow's claim that corrections officers at different correctional facilities in different regions are conspiring to harm him is conclusory and without factual support, and therefore "insufficient to invoke the exception to § 1915(g)." *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (concluding that "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition" were "th[e] type of general assertion [that] is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or

of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Enow does not specify which officers are allegedly plotting against him or how he has come to know of such nefarious design. An inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* The serious physical injury must also be imminent at the time of filing the complaint and not based on some distant event. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Enow is a frequent and experienced self-represented litigator in this court. He may not evade § 1915(g) by filing lengthy omnibus complaints with that hope that one or some of his claims will satisfy the exception set forth under § 1915(g). Consequently, Enow's Motions for Leave to Proceed in Forma Pauperis will be denied. Permitting Enow to proceed otherwise here would contravene the intent of the statute. He will be granted twenty-eight days to submit the full $400.00 filing fee for each case. Failure to pay the filing fee will result in dismissal of this case without prejudice and without further notice.

Because it is conceivable that, with additional information, Enow's claims concerning treatment for a "concussion," inadequate pain management, and need for additional treatment for blurred vision in one eye, might suggest that he is in imminent danger of serious physical injury, Enow will be sent a blank complaint form and motion to proceed in forma paupers to use if he decides to pursue these claims. Enow is instructed to address the standard set forth under 28 U.S.C. § 1915(g) with specificity if he seeks leave to proceed in forma pauperis as to these claims. He is directed to limit this filing to *no more than ~~ten~~ fifteen (15) handwritten pages* [PWG initials], written on only one side of each page. Enow must set forth facts to support his claims of constitutional infringement and to state how each Defendant was involved in the matters alleged.

Enow is reminded to carefully review all future complaints to ensure there are no extraneous or unnecessary information or attachments. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). As filed here, Enow's Complaints do not satisfy this standard.

## CONCLUSION

By separate Order, the Court will deny Enow's Motions for Leave to Proceed in Forma Pauperis and grant him twenty-eight days to pay the filing fee in each case.

_December 8, 2016_
Date

_/s/ Paul W. Grimm_
Paul W. Grimm
United States District Judge